```
FREAR STEPHEN SCHMID, CSB NO. 96089
ATTORNEY AT LAW
177 POST STREET, SUITE 890
SAN FRANCISCO, CA 94108
TELEPHONE: (415) 788-5957
FACSIMILE: (415) 788-5958

Attorneys for Plaintiff
MEDIOSTREAM, INC.
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MEDIOSTREAM, INC., <br><br>  Plaintiff, <br><br> v. <br><br> PRIDDIS MUSIC, INC. AND WARNER/CHAPPELL MUSIC, INC., <br><br>  Defendants. | No. C 07 2127 <br><br> COMPLAINT FOR DECLARATORY RELIEF AND INDEMNIFICATION <br> [Jury Trial Demanded] |

Plaintiff MEDIOSTREAM, INC. hereby alleges as follows:

## JURISDICTION AND VENUE

1. Plaintiff is and at all times has been a California corporation with its principal place of business within the Northern District of California.

2. Defendant PRIDDIS MUSIC, INC. ("Priddis") is a corporation, which has had substantial and reoccurring business contacts within the Northern District of California, including entering into a contract with plaintiff which serves as a basis for this action for declaratory relief and for indemnification.

2. Defendant WARNER/CHAPPELL MUSIC, INC. ("Warner"), is a Delaware corporation, which has conducted and transacted significant amounts of business on a routine and reoccurring basis within the State of California and within

this judicial district such that jurisdiction over it is proper due to its substantial contacts with the subject forum.

4. This action arises under the Copyright Act of 1976, 17 U.S.C. §§101, et seq.. This court has jurisdiction of this action under 28 U.S.C. §§1331, 1338(a), and 1338(b), and under supplemental jurisdiction. Venue is proper in this district under 28 U.S.C. §§1391 and 1400 in that a substantial part of the events and/or property giving rise to the claims herein occurred and/or is situated in this judicial district and defendants and each of them have regularly transacted business within this district such that they are subject to personal jurisdiction here and are thus deemed to reside in this district and defendants may be found in district.

## FIRST CLAIM
### [Declaratory Relief]

5. On October 10, 2005, plaintiff Mediostream, Inc. and Priddis Music, Inc. entered into an agreement whereby Priddis granted plaintiff the non-exclusive right to encode, host, integrate, and make available to customers of Mediostream (on demand or as part of a play list) master karaoke tracks, all for purposes of Mediostream's online karaoke business.

6. Thereafter, pursuant to said agreement, Mediostream in good faith began conducting its karaoke business online at the website ksuperstar.com. On or about February 13, 2007, plaintiff was contacted by Paul Harrison Stacey, attorney for defendant Warner asserting that plaintiff was infringing upon his client's copyrights, and requested plaintiff cease and desist, which plaintiff promptly did pending resolution of this controversy. Thereafter, Mr. Stacey on behalf of defendant Warner has repeatedly advised plaintiff that any rights that plaintiff believe to have received from Priddis under its contract with Priddis were valueless vis-a-vis Warner, and Priddis had no rights from his clients to transfer to plaintiff. Further, defendant Warner, through its attorney, Paul Stacey, has repeatedly asserted Warner has sustained damages as a result of alleged infringement by plaintiff of Warner's

1  copyrights and has repeatedly threatened to bring an action against plaintiff for said
2  alleged infringement.
3      7.    Plaintiff has communicated with Priddis to seek its position regarding the
4  accusations made by Warner that it had no rights with rights with reference to
5  Warner's music. Plaintiff has received no satisfactory response from Priddis.
6      8.    There exists an actual case and controversy between the parties as to
7  their respective rights. Plaintiff seeks a declaration of rights and a determination as to
8  what copyrights Priddis has and what rights it had to license plaintiff, and/or what
9  rights of Warner have allegedly been infringed, and what damages, if any, have
10 resulted from any alleged infringement. Further, plaintiff seeks a declaration from this
11 court to the extent that plaintiff has infringed on any rights of Warner (which plaintiff
12 denies), that said infringement was innocent and in ignorance of Warner's rights and
13 was the direct and proximate result of either misinformation provided by Priddis as to
14 Priddis' rights.

## SECOND CLAIM
### [Indemnification]

17     9.    To the extent the court determines that there has been any wrongful
18 activity with reference to the alleged copyrighted works of Warner by plaintiff (which
19 plaintiff denies), plaintiff contends that it would be a direct and proximate result of the
20 representations and/or misrepresentations by Priddis of the rights being transferred to
21 plaintiff and plaintiff thus should be fully indemnified under contractual indemnity
22 and/or equitable indemnity for any and all damages and cost of suit, including
23 reasonable attorneys fees, that plaintiff may incur,
24     WHEREFORE, plaintiff prays judgment against defendants as follows:
25     1.    That plaintiff has not infringed upon any of Warner's copyrights, and to
26 the extent it is determined that any such infringement has occurred, such infringement
27 was not wilful, but innocent.
28     2.    That Priddis be obligated to fully indemnify plaintiff for any such

1 | damages (if any) awarded to Warner as against plaintiff as a result of such alleged
2 | infringement, and further, that Priddis fully indemnify plaintiff for all its attorney fees
3 | and costs associated with the subject litigation;
4 |     3.   That plaintiff be awarded its costs of suit; and
5 |     4.   That the court grant such other relief as may be deemed just and proper.
6 | DATED: April 17, 2007

8 | _____
  | Frear Stephen Schmid, Attorneys for
  | Plaintiff MEDIOSTREAM, INC.

11 | **JURY DEMAND**

12 | Plaintiff MEDIOSTREAM, INC. hereby demands a jury trial.

13 | DATED: April 17, 2007

15 | _____
   | Frear Stephen Schmid, Attorneys for
   | Plaintiff MEDIOSTREAM, INC.