

FREAR STEPHEN SCHMID, CSB NO. 96089
ATTORNEY AT LAW
177 POST STREET, SUITE 890
SAN FRANCISCO, CA 94108
TELEPHONE: (415) 788-5957
FACSIMILE: (415) 788-5958

Attorneys for Plaintiff
MEDIOSTREAM, INC.

**ORIGINAL FILED**

MAY 1 4 2007

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

E-filing

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MEDIOSTREAM, INC., | No. C-07-2127 PJH |
| Plaintiff, | FIRST AMENDED COMPLAINT FOR DECLARATORY RELIEF AND INDEMNIFICATION |
| v. | [Jury Trial Demanded] |
| PRIDDIS MUSIC, INC., WARNER/CHAPPELL MUSIC, INC., a Delaware Corporation, WORD MUSIC, LLC., a Tennessee Limited Liability Company, DAYSPRING MUSIC, LLC, a Tennessee Limited Liability Company, WORDSPRING MUSIC, LLC., a Tennessee Limited Liability Company, UNICHAPPELL MUSIC, INC., a Delaware Corporation, CHAPPELL & CO., INC., a Delaware Corporation, COTILLION MUSIC, INC., a Delaware Corporation, RIGHTSONG MUSIC, INC., a Delaware Corporation, WALDEN MUSIC, INC., a New York Corporation, WARNER/TAMERLANE PUBLISHING CORP., a California Corporation, and WB MUSIC CORP., a California corporation, | |
| Defendants. | |

Plaintiff MEDIOSTREAM, INC. hereby alleges as follows:

## JURISDICTION AND VENUE

1. Plaintiff is and at all times has been a California corporation with its principal place of business within the Northern District of California.

2. Defendant PRIDDIS MUSIC, INC. ("Priddis") is a corporation, which has had substantial and reoccurring business contacts within the Northern District of California, including entering into a contract with plaintiff which serves as a basis for this action for declaratory relief and for indemnification.

3. Defendants WARNER/CHAPPELL MUSIC, INC., a Delaware Corporation, WORD MUSIC, LLC., a Tennessee Limited Liability Company, DAYSPRING MUSIC, LLC, a Tennessee Limited Liability Company, WORDSPRING MUSIC, LLC., a Tennessee Limited Liability Company, UNICHAPPELL MUSIC, INC., a Delaware Corporation, CHAPPELL & CO., INC., a Delaware Corporation, COTILLION MUSIC, INC., a Delaware Corporation, RIGHTSONG MUSIC, INC., a Delaware Corporation, WALDEN MUSIC, INC., a New York Corporation, WARNER/TAMERLANE PUBLISHING CORP., a California Corporation, and WB MUSIC CORP., a California Corporation (hereinafter collectively referred to as "Warner defendants") have conducted and transacted significant amounts of business on a routine and reoccurring basis within the State of California and within this judicial district such that jurisdiction over them is proper due to their substantial contacts with the subject forum. Upon information and belief, each of the Warner defendants is the alter ego, wholly owned subsidiary, parent corporation of, agent of, partner of, a captive entity, acts in concert with each other and/or otherwise for purposes herein legally responsible for the acts and omissions of the other, such that for purposes hereof they should be treated as one entity.

4. In the original complaint filed herein on April 17, 2007, plaintiff originally named only Warner/Chappell Music, Inc. as a defendant hereto (other than Priddis) based upon the representations of counsel, Paul Harrison Stacey, Esq., counsel for Warner/Chappell that Warner/Chappel was the owner of the copyrights alleged

infringed by plaintiff. After filing this action and providing a copy of it to Attorney Stacey, who advised he was authorized by Warner/Chappell to accept service of the complaint, Attorney Stacey on May 8, 2007 filed a lawsuit in the United States District Court, Middle District of Tennessee, Nashville, Tennessee, action no. 07-CV-00502, and set forth other alleged owners of the copyright. Due to the representation of Warner/Chappell of its alleged ownership of the alleged copyrights, plaintiff had only named Warner/Chappell as a party to the original complaint, but now adds the additional Warner defendants premised upon the allegations made in the Tennessee action.

5. This action arises under the Copyright Act of 1976, 17 U.S.C. §§101, et seq.. This court has jurisdiction of this action under 28 U.S.C. §§1331, 1338(a), and 1338(b), and under supplemental jurisdiction. Venue is proper in this district under 28 U.S.C. §§1391 and 1400 in that a substantial part of the events and/or property giving rise to the claims herein occurred and/or is situated in this judicial district and defendants and each of them have regularly transacted business within this district such that they are subject to personal jurisdiction here and are thus deemed to reside in this district and defendants may be found in district.

## FIRST CLAIM
[Declaratory Relief]

6. On October 10, 2005, plaintiff Mediostream, Inc. and Priddis Music, Inc. entered into an agreement whereby Priddis granted plaintiff the non-exclusive right to encode, host, integrate, and make available to customers of Mediostream (on demand or as part of a play list) master karaoke tracks, all for purposes of Mediostream's online karaoke business.

7. Thereafter, pursuant to said agreement, Mediostream in good faith began conducting its karaoke business online at the website ksuperstar.com. On or about February 13, 2007, plaintiff was contacted by Paul Harrison Stacey, attorney for the Warner defendants asserting that plaintiff was infringing upon his client's

1  copyrights, and requested plaintiff cease and desist, which plaintiff promptly did
2  pending resolution of this controversy. Thereafter, Mr. Stacey on behalf of the Warner
3  defendants has repeatedly advised plaintiff that any rights that plaintiff believe to have
4  received from Priddis under its contract with Priddis were valueless vis-a-vis the
5  Warner defendants, and Priddis had no rights from his clients to transfer to plaintiff.
6  Further, the Warner defendants, through its attorney, Paul Stacey, have repeatedly
7  asserted the Warner defendants have sustained damages as a result of alleged
8  infringement by plaintiff of the Warner defendants' copyrights and have repeatedly
9  threatened to bring an action against plaintiff for said alleged infringement.

10     8.   Plaintiff has communicated with Priddis to seek its position regarding the
11  accusations made by the Warner defendants that it had no rights with reference to the
12  Warner defendants' music. Plaintiff has received no satisfactory response from
13  Priddis.

14     8.   There exists an actual case and controversy between the parties as to
15  their respective rights. Plaintiff seeks a declaration of rights and a determination as to
16  what copyrights Priddis has and what rights it had to license plaintiff, and/or what
17  rights of the Warner defendants have allegedly been infringed, and what damages, if
18  any, have resulted from any alleged infringement. Further, plaintiff seeks a
19  declaration from this court to the extent that plaintiff has infringed on any rights of the
20  Warner defendants (which plaintiff denies), that said infringement was innocent and in
21  ignorance of the Warner defendants' rights and was the direct and proximate result of
22  either misinformation provided by Priddis as to Priddis' rights.

23  SECOND CLAIM
24  [Indemnification]

25     10.   To the extent the court determines that there has been any wrongful
26  activity with reference to the alleged copyrighted works of Warner by plaintiff (which
27  plaintiff denies), plaintiff contends that it would be a direct and proximate result of the
28  representations and/or misrepresentations by Priddis of the rights being transferred to

plaintiff and plaintiff thus should be fully indemnified under contractual indemnity and/or equitable indemnity for any and all damages and cost of suit, including reasonable attorneys fees, that plaintiff may incur,

WHEREFORE, plaintiff prays judgment against defendants as follows:

1. That plaintiff has not infringed upon any of the Warner defendants' alleged copyrights, and to the extent it is determined that any such infringement has occurred, such infringement was not wilful, but innocent.

2. That Priddis be obligated to fully indemnify plaintiff for any such damages (if any) awarded to the Warner defendants as against plaintiff as a result of such alleged infringement, and further, that Priddis fully indemnify plaintiff for all its attorney fees and costs associated with the subject litigation;

3. That plaintiff be awarded its costs of suit; and

4. That the court grant such other relief as may be deemed just and proper.

DATED: May 14, 2007

_____
Frear Stephen Schmid, Attorneys for
Plaintiff MEDIOSTREAM, INC.

## JURY DEMAND

Plaintiff MEDIOSTREAM, INC. hereby demands a jury trial.

DATED: May 14, 2007

_____
Frear Stephen Schmid, Attorneys for
Plaintiff MEDIOSTREAM, INC.