Daniel R. Richardson, Esq., SBN 165601
Richardson Intellectual Property Law, Prof. Corp.
870 Market Street, Suite 615
San Francisco, CA 94102
(415) 291-8900
Fax: (415) 291-8391
email: danr@richardsonlaw.com

Attorney for Defendant
PRIDDIS MUSIC, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MEDIOSTREAM, INC., <br><br> Plaintiff, <br><br> vs. <br><br> PRIDDIS MUSIC, INC., WARNER/CHAPPELL MUSIC, INC., a Delaware Corporation, WORD MUSIC, LLC., a Tennessee Limited Liability Company, DAYSPRING MUSIC, LLC, a Tennessee Limited Liability Company, WORDSPRING MUSIC, LLC., a Tennessee Limited Liability Company, UNICHAPPELL MUSIC, INC., a Delaware Corporation, CHAPPELL & CO., INC., a Delaware Corporation, COTILLION MUSIC, INC., a Delaware Corporation, RIGHTSONG MUSIC, INC., a Delaware Corporation, WALDEN MUSIC, INC., a New York Corporation, WARNER/TAMERLANE PUBLISHING CORP., a California Corporation, and WB MUSIC CORP., a California corporation, <br><br> Defendants | Case No.: **C07-2127 PJH** <br><br> **ANSWER OF DEFENDANT PRIDDIS MUSIC, INC. TO PLAINTIFF'S FIRST AMENDED COMPLAINT** <br><br> **JURY TRIAL DEMANDED** |

NOW COMES defendant PRIDDIS MUSIC, INC (hereafter "Defendant"), by its attorney, and answers Plaintiff's First Amended Complaint ("Complaint") of MEDIOSTREAM, INC. as follows:

ANSWER OF DEFENDANT PRIDDIS MUSIC, INC. TO PLAINTIFF'S FIRST AMENDED COMPLAINT

1

**JURISDICTION AND VENUE**

1. Defendant, has no knowledge of the facts alleged by Plaintiff in paragraph 1 of the Complaint and on that basis, denies same.

2. Defendant, as to allegations contained in Paragraph 2 of the Complaint, admits Priddis Music, Inc. is a corporation, admits entering into an Agreement with Plaintiff Mediostream, Inc., but denies each and every other allegation contained in Paragraph 2 of the Complaint.

3. Defendant, has no knowledge of the facts alleged by Plaintiff in paragraph 3 of the Complaint and on that basis, denies same.

4. Defendant, has no knowledge of the facts alleged by Plaintiff in paragraph 4 of the Complaint and on that basis, denies same.

5. Defendant, as to allegations contained in Paragraph 5 of the Complaint, admits this court has jurisdiction over copyright disputes, but denies each and every other allegation contained in Paragraph 5 of the Complaint.

**FIRST CLAIM**
[Declaratory Relief]

6. Defendant, as to allegations contained in Paragraph 6 of the Complaint, admits same.

7. Defendant, has no knowledge of the facts alleged by Plaintiff in paragraph 7 of the Complaint and on that basis, denies same.

8. Defendant, as to allegations contained in Paragraph 8 of the Complaint, denies ever representing it had the right to issue licenses on behalf of the author or publisher. Defendant holds rights to its own rendition recordings. In addition to licensing the use of its recordings, Defendant had indicated it would be responsible for securing any third party rights that may exist from musicians and studios used to make the recordings. Defendant had been adamant, from the beginning of negotiations, that Plaintiff would be responsible for obtaining any and all licenses from authors, publishers or agencies representing the authors. An addendum was added to the agreement stating that Plaintiff would not offer downloads of the music. Defendant assumed the streaming of music, which Plaintiff indicated it would be offering on its website, would be covered by licenses which Plaintiff could obtain through ASCAP and BMI.

8. [sic] Defendant, as to allegations contained in Paragraph 8 [sic] of the Complaint, denies that a controversy exists.  Plaintiff had a clear understanding of its obligation to obtain licensing from the author/publisher/agents, evidenced by the fact that, from the start, it pursued licenses from BMI, ASCAP, Warner Brothers, and others, and actually obtained some licenses from various publishers.  Plaintiff's representative, Yasha Spong, contacted Defendant several times, complaining about how hard it was to obtain the licenses and to get cooperation from the publishers, and asking for advice about how Plaintiff might get the needed licensing.  Mr Spong even contacted Defendant about Plaintiff's desire to sell its online karaoke business because of licensing difficulties.

## SECOND CLAIM
[Indemnification Relief]

9. Defendant, as to allegations contained in Paragraph 9 of the Complaint, denies same.

## AFFIRMATIVE DEFENSES

10. Defendant hereby asserts the following separate and affirmative defenses, without conceding that Defendant has the burden of persuasion or the burden of proof as to any affirmative defense set forth herein:

## FIRST AFFIRMATIVE DEFENSE

11. The Complaint and each purported claim contained therein, fails to state any claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

12. Plaintiff is estopped and barred by laches from maintaining its claim for relief in failing to prosecute the same within a reasonable time after Plaintiff knew or should have known of the alleged wrong.

//

//

### THIRD AFFIRMATIVE DEFENSE

13. As a separate and affirmative defense to each and every allegation, claim, and request for relief in the Complaint, Defendant alleges that to the extent Plaintiff's claims are based on conduct occurring outside any applicable period of limitations, those claims are barred by the applicable statute of limitations.

### FOURTH AFFIRMATIVE DEFENSE

14. Plaintiff is not entitled to any relief or recovery by reason of its coming into this Court with unclean hands.

### FIFTH AFFIRMATIVE DEFENSE

15. As a separate and affirmative defense to each and every allegation, claim, and request for relief in the Complaint, Defendant alleges that any and all acts, occurrences and damages alleged or referred to in the Complaint were proximately caused by the bad faith of Plaintiff and/or others in that Plaintiff and/or others failed to deal promptly, fairly, honestly, and reasonably with Defendant and others; therefore, the comparative bad faith of Plaintiff and/or others reduces Plaintiff's right to recover, if any, by the amount which its bad faith contributed to the damages alleged.

### SIXTH AFFIRMATIVE DEFENSE

16. As a separate and affirmative defense to each and every allegation, claim, and request for relief in the Complaint, Defendant alleges that Plaintiff's claims, and each of them, are barred because Plaintiff has engaged in conduct and activities by reason of which Plaintiff is estopped from asserting the claims alleged in the Complaint.

//

//

//

### SEVENTH AFFIRMATIVE DEFENSE

17. As a separate and affirmative defense to each and every allegation, claim, and request for relief in the Complaint, Defendant alleges that Plaintiff has failed to mitigate its damages and therefore Plaintiff's recovery should be diminished.

### EIGHTH AFFIRMATIVE DEFENSE

18. Defendant had a written agreement with Plaintiff in which the duties and rights of each party were set forth in detail. Defendant has performed its duties under that contract and there is no controversy as to the rights of either party to the agreement. Defendant having fully performed its duties under the agreement between the parties, Plaintiff is not entitled to contractual indemnification.

WHEREFORE, Defendants pray for judgment against Plaintiff as follows:

1. That judgment be entered in favor of Defendant and that Plaintiff take nothing by its Complaint;

2. That Defendant have judgment for his costs of defense and reasonable attorney's fees; and

3. That Defendant have such other and further relief as the Court may deem proper.

Date:  July 13, 2007

Respectfully Submitted,
RICHARDSON INTELLECTUAL PROPERTY LAW, Prof.Corp.

/s/Daniel R. Richardson

Daniel R. Richardson, Esq.
Attorney for Defendant