Daniel R. Richardson, Esq., SBN 165601
Richardson Intellectual Property Law, Prof. Corp.
870 Market Street, Suite 615
San Francisco, CA 94102
(415) 291-8900
Fax: (415) 291-8391
email: danr@richardsonlaw.com

Attorney for Counterclaimant
PRIDDIS MUSIC, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MEDIOSTREAM, INC., <br><br> Plaintiff, <br><br> vs. <br><br> PRIDDIS MUSIC, INC., WARNER/CHAPPELL MUSIC, INC., a Delaware Corporation, WORD MUSIC, LLC., a Tennessee Limited Liability Company, DAYSPRING MUSIC, LLC, a Tennessee Limited Liability Company, WORDSPRING MUSIC, LLC., a Tennessee Limited Liability Company, UNICHAPPELL MUSIC, INC., a Delaware Corporation, CHAPPELL & CO., INC., a Delaware Corporation, COTILLION MUSIC, INC., a Delaware Corporation, RIGHTSONG MUSIC, INC., a Delaware Corporation, WALDEN MUSIC, INC., a New York Corporation, WARNER/TAMERLANE PUBLISHING CORP., a California Corporation, and WB MUSIC CORP., a California corporation, <br><br> Defendants | Case No.: **C07-2127 PJH** <br><br> **COUNTERCLAIM BY DEFENDANT PRIDDIS MUSIC, INC. FOR:** <br> **1) BREACH OF CONTRACT** <br> **2) TRADEMARK INFRINGEMENT** <br> **3) UNFAIR COMPETITION** <br> **4) INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE** <br> **5) COPYRIGHT INFRINGEMENT** <br> **6) CONVERSION** <br> **7) UNJUST ENRICHMENT** |
| PRIDDIS MUSIC, INC. <br><br> Counterclaimant, <br> vs. <br><br> MEDIOSTREAM, INC., | |

COUNTERCLAIM BY DEFENDANT PRIDDIS MUSIC, INC.                              1

Counterdefendant.

Defendant PRIDDIS MUSIC, INC. counterclaims against Plaintiff and Counterdefendant, MEDIOSTREAM, INC., as follows:

## PARTIES AND VENUE

1. Defendant and Counterclaimant PRIDDIS MUSIC, INC. (hereafter "PRIDDIS"), is a corporation.

2. Plaintiff and Counterdefendant MEDIOSTREAM, INC. (hereafter "MEDIOSTREAM"), on information and belief is a California corporation.

3. Venue for this counterclaim is proper in this court as the subject action is already pending herein, and due to diversity of citizenship.

## JURISDICTION

4. This claim arises under the provisions of the Trademark Act of 1946, 15 U.S.C. § 1051, et. seq. particularly pursuant to 15 U.S.C. § 1114(1), and is for trademarks registered in the United States Patent and Trademark Office.

5. This Court has jurisdiction over the subject matter of this claim pursuant to 15 U.S.C. § 1121 and 28 U.S.C. § 1338, 28 U.S.C. § 1331 and 28 U.S.C. § 1367(a).

6. This claim also arises under 17 U.S.C. § 101, et. seq., the Copyright Act.

## BACKGROUND FACTS

7. PRIDDIS is in the business of providing "professional performance music for singers" in the karaoke genre.

8. PRIDDIS obtains licenses from the owners and/or licensors of popular musical content to use and distribute the PRIDDIS version of popular songs and other music suitable for use by karaoke singers in their own performances.

COUNTERCLAIM BY DEFENDANT PRIDDIS MUSIC, INC.                           2

9. PRIDDIS markets and distributes its licensed products under the trademark name and graphic, "priddis", which is registered with the United States Patent and Trademark Office with registration number 2,591,615, registered July 9, 2002. (Exhibit 'A')

10. All of the licensed PRIDDIS content that is used on the Internet starts by displaying the PRIDDIS graphic and name as registered with the trademark office.

11. Since PRIDDIS pays substantial license fees and produces quality versions of the original content, PRIDDIS has garnered substantial goodwill in the marketplace in association with its trademark.

12. The consumer expects that the content displaying the PRIDDIS trademark originates with PRIDDIS or a licensee and the content can be relied on for quality.

13. On or about October 17, 2005 PRIDDIS and MEDIOSTREAM entered into a written agreement under which PRIDDIS was to supply content to MEDIOSTREAM for use on MEDIOSTREAM'S Internet website. (Exhibit 'B')

14. On each use of the PRIDDIS content on any Internet website, including that of MEDIOSTREAM, the musical content starts by displaying the PRIDDIS graphic and name as registered with the trademark office.

15. Whenever PRIDDIS produces content for subsequent licensing, it fixes it in a tangible medium of expression and is thus the copyright owner of that content under license to create such derivative work from the original content owner and/or licensee.

**FIRST CAUSE OF ACTION**
**(Breach of Contract)**

16. PRIDDIS re-alleges and incorporate herein by reference each and every allegation contained in paragraphs 1 through 15 herein.

17. On or about October 17, 2005 PRIDDIS and MEDIOSTREAM entered into a written agreement under which PRIDDIS was to supply licensed content to MEDIOSTREAM for use by customer's of MEDIOSTREAM'S Internet website. The MEDIOSTREAM license was to be for either Limited Downloads or Permanent Downloads. (Exhibit 'B')

18. The October 17, 2005 PRIDDIS and MEDIOSTREAM entered into a written agreement was subsequently modified by the parties on December 13, 2005 to terminate Permanent Downloads by MEDIOSTREAM. (Exhibit 'B')

19. The agreement between the parties stated that MEDIOSTREAM would have to obtain any publishing rights, including performance rights from the owner or licensor, e.g. ASCAP, BMI, etc. for at least Limited Downloads and Streaming.

20. PRIDDIS gave written notice to MEDIOSTREAM to terminate all use of PRIDDIS' licensed products within 30 days.

21. MEDIOSTREAM ignored the PRIDDIS termination demand and continues to use the PRIDDIS content without a license and in violation of the written agreement between the parties.

22. PRIDDIS has performed all conditions, covenants and promises required to be performed by it in accordance with the terms of the agreement.

23. PRIDDIS is ready, willing and able to perform all that is required on its part to perform its duties under the agreement.

24. MEDIOSTREAM'S breach of the agreement has proximately caused damage to PRIDDIS in an amount in excess of $100,000 to be proved at trial.

//

//

COUNTERCLAIM BY DEFENDANT PRIDDIS MUSIC, INC.                                4

## SECOND CAUSE OF ACTION
## (TRADEMARK INFRINGEMENT)

25. PRIDDIS re-alleges and incorporate herein by reference each and every allegation contained in paragraphs 1 through 24 herein.

26. Subsequent to the termination of agreement demand by PRIDDIS, MEDIOSTREAM ignored the PRIDDIS termination demand and continued to use the PRIDDIS content without a license.

27. All of the PRIDDIS content used on the MEDIOSTREAM Internet website(s) starts by displaying the PRIDDIS graphic and name to the customer as registered with the trademark office.

28. MEDIOSTREAM'S continued use of the PRIDDIS trademark is willful and in full knowledge that it is not authorized by the trademark owner.

29. MEDIOSTREAM'S continued use of the PRIDDIS trademark is likely to cause confusion in the mind of the customers of MEDIOSTREAM and thus constitutes trademark infringement under 15 U.S.C. § 1114.

30. MEDIOSTREAM'S infringement is intentional and willful and has caused and will continue to cause damage to PRIDDIS in an amount to be proved at trial. MEDIOSTREAM'S conduct is causing irreparable harm to PRIDDIS for which there is no adequate remedy at law. PRIDDIS is thus entitled to statutory and treble damages and to costs and attorney's fees.

## THIRD CAUSE OF ACTION
## (UNFAIR COMPETITION)

31. PRIDDIS re-alleges and incorporate herein by reference each and every allegation contained in paragraphs 1 through 30 herein.

32. PRIDDIS is informed and believes and on that basis thereon alleges, MEDIOSTREAM'S use of the intellectual property and other assets obtained improperly from PRIDDIS, and without its consent, to compete against PRIDDIS as described herein constitutes unlawful, unfair, and/or fraudulent business practices in violation of Section 17200 *et. seq.* of the California Business and Professions Code and California common law.

33. As a direct and proximate result of MEDIOSTREAM'S wrongful acts, PRIDDIS has suffered and will continue to suffer substantial pecuniary losses and irreparable injury to its business reputation and goodwill. As such, a monetary remedy at law is not adequate to compensate for injuries inflicted by MEDIOSTREAM. Accordingly, PRIDDIS is entitled to temporary, preliminary and permanent injunctive relief.

34. By reason of such wrongful acts, PRIDDIS has and is, and will be in the future, deprived of the profits and benefits of said business relationships, agreements, and transactions with various existing employees, clients, prospective clients, and/or suppliers, and MEDIOSTREAM has wrongfully obtained such profits and benefits in an amount to conform to proof at trial, but in no event less than the jurisdictional minimum of this Court.

WHEREFORE, PRIDDIS prays for judgment against MEDIOSTREAM as more fully set forth below.

### FOURTH CAUSE OF ACTION
### (INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE)

35. PRIDDIS re-alleges and incorporate herein by reference each and every allegation contained in paragraphs 1 through 34 herein.

36. MEDIOSTREAM knew of PRIDDIS' existing websites and other forms of distribution of the PRIDDIS content to Internet customers and licensees.

37. Despite knowing of these contracts and existing business relationships, MEDIOSTREAM intentionally interfered with those contracts and business relationships by unlawfully using PRIDDIS content on its website, and by breaching its contract with PRIDDIS.

38. As a direct result of MEDIOSTREAM'S actions and omissions, PRIDDIS was damaged in an amount according to proof due to the loss of ongoing business and due to MEDIOSTREAM'S damage to and interference with PRIDDIS' existing contracts and business relationships with customers and licensees.

39. As a direct and foreseeable consequence of MEDIOSTREAM's interference, PRIDDIS' reputation in the industry and with customers and licensees has been permanently damaged in an amount according to proof.

40. MEDIOSTREAMS' actions were undertaken with fraud, malice or oppression, or with a conscious disregard of the rights of PRIDDIS, and, therefore, PRIDDIS is entitled to an award of exemplary and punitive damages against MEDIOSTREAM in an amount according to proof.

WHEREFORE, PRIDDIS prays for judgment against MEDIOSTREAM as more fully set forth below.

### FIFTH CAUSE OF ACTION
### (COPYRIGHT INFRINGEMENT)

41. PRIDDIS re-alleges and incorporate herein by reference each and every allegation contained in paragraphs 1 through 40 herein.

42. MEDIOSTREAM'S continued unlawful use of the copyrighted PRIDDIS content, constitutes copyright infringement under 17 U.S.C. § 106.

43. PRIDDIS has and will continue to be damaged by the use and continued use of its copyrighted content by MEDIOSTREAM, in an amount to be proven at trial.

WHEREFORE, PRIDDIS prays for judgment against MEDIOSTREAM as more fully set forth below.

### SIXTH CAUSE OF ACTION
### (CONVERSION)

44. PRIDDIS re-alleges and incorporate herein by reference each and every allegation contained in paragraphs 1 through 43 herein.

45. On termination of the agreement between the parties, the receiving party, MEDIOSTREAM was required to terminate all use of the PRIDDIS content and to ceas offering it for sale or license.

46. The content retained by MEDIOSTREAM as herein described, had substantial value which has yet to be completely determined, but which will be proven at trial.

47. The content taken from PRIDDIS by MEDIOSTREAM was converted to MEDIOSTREAM's use by continuing to offer it for license and to collect license fees for its use.

WHEREFORE, PRIDDIS prays for judgment against MEDIOSTREAM as more fully set forth below.

### SEVENTH CAUSE OF ACTION
### (UNJUST ENRICHMENT)

48. PRIDDIS re-alleges and incorporate herein by reference each and every allegation contained in paragraphs 1 through 47 herein.

49. MEDIOSTREAM has retained the unlawfully obtained content of PRIDDIS in spite of demands by PRIDDIS and has continued to benefit from the use and exploitation of that content, at the expense of the rightful owner, i.e. PRIDDIS.

WHEREFORE, PRIDDIS prays for judgment against MEDIOSTREAM as more fully set forth below.

COUNTERCLAIM BY DEFENDANT PRIDDIS MUSIC, INC.          8

WHEREFORE, PRIDDIS prays:

1.  That MEDIOSTREAM, its officers, agents, employees, representatives, shareholders, affiliates and all persons acting or claiming to act on its behalf, be preliminarily and permanently enjoined and restrained from engaging in unfair competition with PRIDDIS.

2.  That this Court order MEDIOSTREAM to disgorge all of its profits from its unlawful acts, and all other sums constituting MEDIOSTREAM's unjust enrichment from its unlawful conduct, in accordance with California Civil Code section 3426.3(a);

3.  For an award of compensatory damages, in the amount of at least $100,000 or according to proof.

4.  For an award of punitive damages, according to proof.

5.  For an award of statutory and treble damages and to costs and attorney's fees.

6.  For such other and further relief as this Court may deem just.

Date: July 16, 2007

Respectfully Submitted,
RICHARDSON INTELLECTUAL PROPERTY LAW, Prof. Corp.

/s/Daniel R. Richardson

Daniel R. Richardson, Esq.
Attorney for Counterclaimant