MARC E. MAYER (SBN 190969), mem@msk.com
MITCHELL SILBERBERG & KNUPP LLP
11377 West Olympic Boulevard
Los Angeles, California 90064-1683
Telephone: (310) 312-2000
Facsimile: (310) 312-3100

Attorneys for Defendants Warner/Chappell Music, Inc.
Word Music, LLC, Dayspring Music, LLC, Wordspring Music,
LLC, Unichappell Music, Inc., Chappell & Co., Inc., Cotillion
Music, Inc., Rightsong Music, Inc., Walden Music, Inc.,
Warner/Tamerlane Publishing Corp., and WB Music Corp.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| MEDIOSTREAM, INC., | CASE NO. C 07 2127 |
|---|---|
| Plaintiff, | **DECLARATION OF KELLY L. ISENBERG IN SUPPORT OF MOTION OF DEFENDANTS TO DISMISS OR TRANSFER ACTION** |
| v. | |
| PRIDDIS MUSIC, INC. AND WARNER/CHAPPELL MUSIC, INC., et al., | |
| Defendants. | |

I, Kelly L. Isenberg, declare as follows:

1.  I am the Director of Legal and Business Affairs at Warner/Chappell Music, Inc. ("WCM"). WCM is an affiliate of each of the Defendants in the above-captioned matter with the exception of Priddis Music, Inc. ("Priddis"), all of which (hereinafter variously, "Defendants," "Nashville Plaintiffs" or "Warner Publishers") are either subsidiaries or affiliates of the Warner Music Group Corp., a publicly traded company. I have personal knowledge of the matters set forth herein. I am over the age of 21 and am competent to testify to the matters set forth below.

2.  With the exception of WCM, each of the Warner Publishers are the owners and administrators of copyrights (or portions thereof) or exclusive rights under copyright in certain

Mitchell
Silberberg &
Knupp LLP

1478846.1

CASE NO. C 07 2127

DECLARATION OF KELLY ISENBERG

dockets.Justia.com

musical compositions ("Subject Works"). The Subject Works, and the percentages of such works owned by the Warner Publishers, are identified on Exhibit "A" to the **COMPLAINT FOR INJUNCTION AND DAMAGES** which has been filed in United States District Court for the Middle District of Tennessee in the action entitled *WORD MUSIC, LLC. et al. vs PRIDDIS MUSIC, INC. et al.*, Case No. 3:07-cv-502 (M.D. Tenn.) (the "Nashville Complaint"). WCM, though named as a Defendant herein, does not possess any ownership interest or administration rights (or any exclusive rights) in any of the musical composition copyrights at issue in the Nashville litigation.

3. The Subject Works are addressed in the Joint Motion for Preliminary Injunction and Agreed Order for Preliminary Injunction and Mediation filed in the Nashville on July 9, 2007. That Agreed Order enjoins the infringement of the Warner Publishers' musical composition copyrights by two of the Defendants therein (D.J. Miller Music Distributors, Inc. and Dale S. Miller). (See Group Exhibit "A" attached hereto, which is hereby incorporated and made a part hereof.)

4. None of the Warner Publishers herein possesses any offices, employees, business records, business records storage facility or bank accounts located in the Northern District of California.

5. Three of the Warner Publishers, namely: WORD MUSIC LLC., a Tennessee Limited Liability company, DAYSPRING MUSIC, LLC, a Tennessee Limited Liability Company, and WORDSPRING MUSIC, LLC., a Tennessee Limited Liability company, are Tennessee businesses with their principal offices located at 25 Music Square West, Nashville, Tennessee, where the Nashville litigation is pending.

6. Four of the Defendants in the Nashville litigation, namely: RICHARD L. PRIDDIS, individually, PROSOUND KARAOKE LTD., a United Kingdom corporation, D.J.

MILLER MUSIC DISTRIBUTORS, INC., a Colorado corporation, d/b/a "PROSING," and DALE S. MILLER, Individually, though inextricably related to the claims for infringement of the Warner Publishers, are not parties to this litigation.

7. The type of license issued by the Warner Publishers for "karaoke" recordings of the type manufactured, distributed, advertised and sold by Defendants is referred to as a "synchronization license" or "synch license". The Warner Publishers have not issued any synchronization licenses to Mediostream (or any of the Nashville Defendants) with respect to any of the Subject Works relative to the manufacture, distribution, advertising, sale, "sampling" or internet file sharing within the United States. Although some licenses were issued to the PROSOUND KARAOKE LTD. ("PROSOUND") Defendant by an agent of the Warner Publishers' United Kingdom affiliate, under the "MCPS" licensing scheme in the United Kingdom, the Warner Publishers' claims for copyright infringement against PROSOUND and the related PRIDDIS Defendants articulated in the Nashville Complaint are for actions and conduct which *exceed the scope* of any licenses issued by MCPS.

8. The Schedule of Subject Works identified on Exhibit "A" to the Nashville Complaint was assembled through a tedious cross-referencing of songs identified on the MEDIOSTREAM "KSUPERSTAR" interactive internet web site (featuring PRIDDIS karaoke recordings), as well as the PRIDDIS MUSIC, INC., PROSOUND and "PROSING" interactive internet web sites, spanning a time period extending from approximately November 28, 2006 until

1  mid- to late-January 2007.

3  I declare under penalty of perjury under the laws of the United States that the foregoing is
4  true and correct.

6  Executed this 2nd day of August, 2007 at Los Angeles, California.

                                                    _____
                                                    Kelly L. Isenberg

Mitchell Silberberg & Knupp LLP
1478846.1

4
CASE NO. C 07 2127
DECLARATION OF KELLY ISENBERG