Mediostream Inc. v. Priddis Music Inc. et al
Case 3:07-cv-02127-PJH    Document 14    Filed 08/03/2007    Page 1 of 5
Doc. 14

MARC E. MAYER (SBN 190969), mem@msk.com
MITCHELL SILBERBERG & KNUPP LLP
11377 West Olympic Boulevard
Los Angeles, California 90064-1683
Telephone: (310) 312-2000
Facsimile: (310) 312-3100

Attorneys for Defendants Warner/Chappell Music, Inc.
Word Music, LLC, Dayspring Music, LLC, Wordspring Music, LLC, Unichappell Music, Inc., Chappell & Co., Inc., Cotillion Music, Inc., Rightsong Music, Inc., Walden Music, Inc., Warner/Tamerlane Publishing Corp., and WB Music Corp.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MEDIOSTREAM, INC., <br><br> Plaintiff, <br><br> v. <br><br> PRIDDIS MUSIC, INC. AND WARNER/CHAPPELL MUSIC, INC., et al., <br><br> Defendants. | CASE NO. C 07-2127 <br><br> **DECLARATION OF PAUL HARRISON STACEY IN SUPPORT OF MOTION OF DEFENDANTS TO DISMISS OR TRANSFER ACTION** |

I, PAUL HARRISON STACEY, do hereby state:

1.  I am an attorney at law, duly licensed to practice law in the State of Wyoming. I am lead trial counsel for the Plaintiffs in the Nashville litigation entitled *WORD MUSIC LLC, et al. vs. PRIDDIS MUSIC, INC. et al.,* Case No. 3:07-cv-502 (U.S, Dist. Ct., Middle District of Tennessee, Nashville). The case is comprised of claims of copyright infringement and unfair competition based upon the Defendants' manufacture, distribution, advertising and sale of unauthorized recordings of the Plaintiffs' music copyrights. (A true and correct copy of the COMPLAINT FOR INJUNCTION AND DAMAGES is attached hereto, marked Exhibit "A", and is hereby incorporated and made a part hereof).

Mitchell Silberberg & Knupp LLP

CASE NO. C 07-2127

2. On or about January 26, 2007, I sent a Cease and Desist letter to the Defendants in the Nashville Litigation, including Mediostream, Inc. (A true and correct copy of my cease and desist letter is attached hereto, marked Exhibit "B", and is hereby incorporated and made a part hereof).

3. Between the time of my sending the Cease and Desist letter and the filing of suit, I received a number of oral and written communications from the various recipients indicating that they were complying with the cease and desist and in some instances were going out of the karaoke business altogether. Two examples are the facsimile items of correspondence from PRIDDIS MUSIC and RICHARD L. PRIDDIS (the "PRIDDIS Defendants"), which are attached hereto, marked Group Exhibit "C". In these memos, PRIDDIS indicated he was going to "…exit the Karaoke business."

4. Notwithstanding the Defendants' representations that they were honoring the cease and desist, I continued to attempt to monitor their business activities. In March and April, 2007, I learned that two sets of recipients of my letter, the PRIDDIS Defendants and DJ Miller Music Distributors, Inc. and Dale S. Miller (the "MILLER Defendants") were still distributing, advertising and selling infringing recordings of the Plaintiffs' musical compositions. During this timeframe, Dorothy Gibby, a paralegal at Bowen, Riley, Warnock & Jacobson, Nashville, purchased copies of infringing recordings manufactured by PRIDDIS and PROSOUND via the PRIDDIS and PROSING interactive, internet websites (affiliated with the MILLER Defendants and the PRIDDIS Defendants). Her successful purchases of infringing recordings are detailed in the **DECLARATION OF DOROTHY D. GIBBEY**, which has been filed in the Nashville litigation. (A true and correct copy of the Gibby Declaration is attached hereto, marked Exhibit "D", and is hereby incorporated and made a part hereof).

5. When confronted with the continuing infringement by the PRIDDIS, PROSOUND and MILLER Defendants, I had no choice but to prepare to file suit. In late March/early April, I

inquired repeatedly of the attorney for MEDIOSTREAM (Frear Steven Schmid, San Francisco, California), whether he was authorized to accept service on behalf of MEDIOSTREAM. Mr Schmid told me that he would have to check with his client. After what was at least my third request, Mr. Schmid did not get back to me. However, within a few days, on April 17, 2007, I was informed by his email to me that MEDIOSTREAM had filed its purported action for a declaratory judgment in this Court.

6. This case initially named WARNER/CHAPPELL MUSIC, INC. as the entity from whom MEDIOSTREAM anticipated a suit for copyright infringement. In fact, WARNER/CHAPPELL MUSIC, INC., does not own or administer any of the copyrights which are the subject of the Nashville litigation and is not a proper Defendant in this case.

7. I instituted the Nashville copyright infringement case on May 8, 2007. The plaintiffs in that case are the ten (10) different music publishing entities which own/administer the 345 music copyrights infringed by the Defendants. This suit also names RICHARD L. PRIDDIS, individually, PROSOUND KARAOKE LIMITED, a U.K. Corporation, DJ MILLER MUSIC DISTRIBUTORS, INC., a Colorado Corporation, d/b/a "PROSING", and DALE S. MILLER, individually, who are *not named defendants in this case*.

8. On May 14, 2007, MEDIOSTREAM filed its First Amended Complaint for Declaratory Relief in this case, naming as additional Defendants all of the Plaintiffs in the Nashville litigation. The First Amended Complaint filed by MEDIOSTREAM does not include RICHARD L. PRIDDIS, individually, PROSOUND KARAOKE LIMITED, a U.K. Corporation, DJ MILLER MUSIC DISTRIBUTORS, INC., a Colorado Corporation, d/b/a "PROSING", and DALE S. MILLER, individually, as parties.

9. On July 2, 2007, I filed a Motion for Preliminary Injunction and supporting Memorandum in the Nashville litigation. (A true and correct copy of the Motion for Preliminary

1 Injunction and supporting Memorandum are attached hereto, marked Exhibit "E", and are hereby
2 incorporated and made a part hereof).

4   10.   On July 9, 2007, a Case Management Conference was conducted in the Nashville
5 litigation, at which time a Proposed Agreed Order for Preliminary Injunction and Mediation was
6 filed involving two of the Defendants, namely, DJ MILLER MUSIC DISTRIBUTORS, INC., a
7 Colorado Corporation, d/b/a "PROSING", and DALE S. MILLER, individually.

9   11. On July 13, 2007, the United States District Court for the Middle District of Tennessee
10 (Judge William Haynes) *entered* an Agreed Order for Preliminary Injunction and Mediation, and
11 ordered that a Mediation convene on or before September 15th, 2007. (A true and correct copy of
12 the Agreed Order for Preliminary Injunction and Mediation is attached hereto, marked Exhibit
13 "F", and is hereby incorporated and made a part hereof).

15   12. On July 27th, 2007, MEDIOSTREAM agreed to join in the Mediation in the Nashville
16 case. The Mediator for that Mediation is Matthew Sweeny, Baker, Donaldson, Bearman, Caldwell
17 & Berkowitcz, P.C. and dates ranging from September 5th through September 14th are being
18 considered as of the writing of this Declaration.

20   13.   The Nashville litigation has been moving forward, and Mediostream has appeared
21 and filed an Answer in the Nashville litigation. Attached hereto as Exhibit G is a true and correct

Mitchell
Silberberg &
Knupp LLP
1480472.1

1 | copy of the docket sheet in the Nashville litigation.

3 | I declare under penalty of perjury under the laws of the United States that the foregoing is
4 | true and correct.

6 | Executed this 2nd day of August, 2007 at Los Angeles, California.

_____
Paul Harrison Stacey