FREAR STEPHEN SCHMID, CSB NO. 96089
ATTORNEY AT LAW
177 POST STREET, SUITE 890
SAN FRANCISCO, CA 94108
TELEPHONE: (415) 788-5957
FACSIMILE: (415) 788-5958

Attorneys for Plaintiff
MEDIOSTREAM, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MEDIOSTREAM, INC., | No. C-07-2127 PJH |
| Plaintiff, | PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS FIRST AMENDED COMPLAINT OR ALTERNATIVELY, TRANSFER OR STAY ACTION |
| v. | |
| PRIDDIS MUSIC, INC., et al., | |
| Defendants. _____/ | Date: September 19, 2007<br>Time: 9:00 AM<br>Courtroom: 3, 17th Floor |

  This motion must be denied. The very same motion is pending before Judge Haynes of the Middle District of Tennessee in the matter of Word Music, LLC, et al. v. Priddis Music, Inc., et al., case no. 3:07-CV-502, i.e., to transfer the Nashville action to San Francisco. See Joint Stipulation of the Parties filed herein on July 17, 2007. That motion is under submission of Judge Haynes. It would be simply ridiculous for this Court to duplicate the efforts of Judge Haynes in addressing the very same issues. Clearly, the motion was made to Judge Haynes to transfer the entire Nashville case out here where it is properly venued inasmuch as this action was filed before the action in Nashville. Admittedly, the Nashville action was initiated by ten affiliates and subsidiaries of the original defendant herein, Warner/Chappell Music, however, the only reason these ten affiliates and subsidiaries were not originally alleged in this

1
P'S OPP. TO MOTION TO DISMISS FIRST AMENDED COMPLAINT, OR ALTERNATIVELY, TRANSFER OR STAY ACTION

action is because plaintiff was lead to believe that Warner/Chappell was the only party asserting copyright infringement. See First Amended Complaint herein, Paragraph 4. Upon discovery of these other affiliates and subsidiaries alleging copyright claims, MedioStream promptly filed its first amended complaint herein on May 14, 2007, adding these additional parties. See Joint Stipulation of the Parties filed herein, Paragraph 3. Thereafter, the motion to dismiss or to transfer the Nashville action here to California, was brought on June 1, 2007. As noted above, that motion is still under submission of Judge Haynes.

Under settled Ninth Circuit law, the District Court must consider the following judicial factors when deciding whether to apply the first to file rule:

1. The chronology of the two actions;
2. The similarity of parties; and
3. The similarity of issues.

Pacesetter Systems Inc. v. Medtronic Inc. (9th Cir. 1982) 678 F.2d 93, 95. As stated in Wright and Miller, Federal Practice and Procedure, 14D FPP §3823 (2007 Ed.):

"When two actions involving nearly identical parties are closely related . . . infringement questions are filed in separate districts, which happens with some frequency in contemporary litigation, the general rule is that the case first filed take priority, and the subsequently filed suit should be dismissed or transferred or stayed."

Applying these rules here, the subject action was first filed before the Nashville action. The parties are the same parties with the exception of an additional defendant[1/] that the Warner/Chappell action brought in Tennessee. All other parties are the same in Nashville as are here in the Northern District, i.e. MedioStream, Inc., Priddis Music, Inc., and the Warner/Chappell parties. Both suits involve MedioStream's Ksuperstar website and whether MedioStream and/or defendant Priddis infringed upon Warner/Chappell's defendant alleged copyright via website activity. See Nashville

---

[1/] That is D.J. Miller and is not a necessary party to this action.

action, Complaint, at Paragraphs 15 and 17, and the subject action at Paragraphs 7 and 8. The subject action seeks not only declaratory rights but a determination as to what copyrights the Priddis defendants have in Warner/Chappell's music works. These issues are at the heart of both complaints. Both this action, and the other action, seek resolution of past and future conduct. Thus, the same issues are involved.

The whole thrust of the subject motion is that because the first filed action was anticipatory[2], it therefore does not count for first to file purposes. This is clearly contradictory to established law. Thus, <u>Intellapex v. Intel Corp.</u>, 2005 U.S. Dist. LEXIS 21276, the district court rejected such an argument, stating that it "flies in the face of the customary "first-to-file" file, which is the law of the Sixth and Ninth Circuit Court of Appeal." The court in <u>Intellapex</u> noted as follows:

> ". . . This suit was prompted by Defendant's letter . . . . Defendant's letter itself essentially promised suit if Plaintiff did not concede. While a "race to the courthouse" is not always a desired outcome, the first-to-file rule, which is widely followed, generally favors the first suit. In this case, the bulk of the disagreements lodged in Defendant's letter and its California suit will be answered by the resolution of this declaratory action, which is a valid and useful suit. Further, Defendant is free to assert its additional . . . claims as part of counterclaims in [the declaratory action." (Emphasis supplied.)

Here, likewise, this instant action was brought by threats of litigation by Warner/ Chappell as alleged in the First Amended Complaint, Paragraph 4. (It should be noted also that for first-to-file purposes, the originally filed suit, rather than the amended complaint, is operative. <u>Ward v. Follett Corp.</u> (N.D. Ca. 1994) 158 F.R.D. 645, 648.)

II. <u>CONCLUSION</u>

In conclusion, the subject motion is nothing but an attempt to do an end run

---

[2] There is no bad faith by plaintiff here – it is a small Mountain View-based company. It was threatened with a lawsuit. It immediately pulled all allegedly infringing works. It seeks a determination of all parties alleged copyrights. It should be noted that as a matter of convenient forum, this venue is far more convenient for all parties than Nashville. Priddis is located in Utah and is attempting to have the Nashville action transferred here.

1  around the pending motion before Judge Haynes in Nashville and also in an attempt to
2  circumvent the first-to-file rule.  Accordingly, it must be denied.
3  DATED: August 28, 2007                Respectfully submitted,

   　　　　　　　　　　　　　　　　　　　　　 */s/ Frear Stephen Schmid*
   　　　　　　　　　　　　　　　　　　　　　　Frear Stephen Schmid, Attorneys for
   　　　　　　　　　　　　　　　　　　　　　　Plaintiff MEDIOSTREAM, INC.