MARC E. MAYER (SBN 190969), mem@msk.com
MITCHELL SILBERBERG & KNUPP LLP
11377 West Olympic Boulevard
Los Angeles, California 90064-1683
Telephone: (310) 312-2000
Facsimile: (310) 312-3100

Attorneys for Defendants Warner/Chappell Music, Inc.
Word Music, LLC, Dayspring Music, LLC, Wordspring Music, LLC, Unichappell Music, Inc., Chappell & Co., Inc., Cotillion Music, Inc., Rightsong Music, Inc., Walden Music, Inc., Warner/Tamerlane Publishing Corp., and WB Music Corp.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MEDIOSTREAM, INC., <br><br>  Plaintiff, <br><br> v. <br><br> PRIDDIS MUSIC, INC. and WARNER/CHAPPELL MUSIC, INC., et al., <br><br> Defendants. | CASE NO. C 07 2127 PJH <br><br> **REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF THE WARNER PUBLISHERS TO DISMISS AMENDED COMPLAINT OR, ALTERNATIVELY, TO TRANSFER OR STAY THE ACTION** <br><br> [Fed. R. Civ. P. 12(b)(3); 28 U.S.C. § 1404] <br><br> Hon. Phyllis J. Hamilton <br><br> Date:  September 26, 2007 <br> Time:  9:00 a.m. <br> Ctrm:  3, 17th Floor |

The cursory memorandum of plaintiff Mediostream, Inc. ("Mediostream") in opposition to the Warner Publishers' Motion to Dismiss, or, Alternatively, to Transfer, or Stay the Action fails to offer anything – either factual basis or legal authority – that could justify denial of the Warner Publishers' Motion.

As a threshold matter, Mediostream has declined to address *in any manner* the Warner Publishers' alternative requests that the action be transferred (pursuant to 28 U.S.C. § 1404) to the Middle District of Tennessee in furtherance of interests of convenience and judicial economy, or stayed pending the outcome of the Nashville Action (see Wilton v. Seven Falls Co., 515 U.S. 277,

288 (1995)). As a result, these requests are unopposed, and the Court need not even address or resolve the "first-to-file" issue in order to grant either form of alternative relief to the Warner Publishers.

In any event, and even if the Court elects to consider Mediostream's "first-filed-rule" arguments, dismissal also is justified because Mediostream does not address in any meaningful fashion the Warner Publishers' arguments that the "first-to-file" rule should be set aside for reasons of equity and judicial economy. Mediostream concedes (as it must) that:

● This lawsuit does not seek to redress *any* substantive harm to Mediostream, but instead is merely the "mirror-image" of the Nashville Action, or, at most, asserts affirmative defenses that can (and, indeed, have been) raised in the Nashville Action. Great Am. Ins.v. Houston General Ins. Co., 735 F. Supp. 581, 586 (S.D. N.Y. 1990) ("[I]t is not appropriate for the Court to entertain the instant declaratory judgment action. There is a pending coercive action in the United States District Court for the Northern District of Texas that will provide plaintiff in the instant action with every opportunity to protect the rights that it sought adjudicated in the instant action.").

● This lawsuit was filed by Mediostream in direct response to the Warner Publishers' threat of litigation – and, specifically, in immediate response to the demand of the Warner Publishers that Mediostream's counsel accept service of a Complaint. Mediostream thus admits that it had "specific, concrete indications that a suit by the [Warner Publishers] was imminent" and that this lawsuit was filed solely in order to forum-shop. Xoxide, Inc. v. Ford Motor Co., 448 F. Supp. 2d 1188, 1192-93 (N.D. Cal. 2006).[1]

● The Nashville Action includes as defendants additional parties that are not present in this action but who have a direct interest in its outcome, including Richard L. Priddis (the owner of defendant Priddis Music, Inc.) and Prosound Karaoke Limited (a company also owned by

---

[1] In a footnote, Mediostream argues that it has not engaged in "bad faith" conduct because it is "a small Mountain View-based company" that was "threatened with a lawsuit." Opp. at 3 n.2. It is unclear how Mediostream's size or location possibly could have any bearing on whether this lawsuit was "anticipatory" in nature or filed in an effort to forum-shop – a fact which Mediostream does not dispute or deny.

1  Priddis. In the meantime, Mediostream has appeared in the Nashville Action, has answered the
2  Warner Publishers' Complaint, and all of its claims and arguments can (and should) be addressed
3  in the Nashville Action.

4  ● The Nashville Action has proceeded much further than this action. Thus, at this
5  stage the Nashville Court is more familiar with the parties and the claims and is well-equipped to
6  adjudicate this dispute. Lonza, Inc. v. Rohm & Haas, Inc., 951 F. Supp. 46, 50 (S.D.N.Y. 1997)
7  (declining to entertain declaratory relief action because "there simply is no reason why the patent
8  issues in dispute should be litigated in two different fora.").

9  ● The balance of convenience favors litigation of these claims in Nashville, where
10 most of the Warner Publishers (and thus their documents and witnesses) are located, the related
11 action is well underway, and where critical events took place.[2]

12 As set forth in the Warner Publishers' Motion, these facts are dispositive, and mandate
13 dismissal, because courts strongly disfavor the use of the Declaratory Judgments Act as a vehicle
14 to wrest the choice of forum from a plaintiff with substantive infringement claims (especially
15 where the purported declaratory relief plaintiff has not asserted *any* affirmative claims). Kerotest
16 Mfg. Co. vs. C-O-Two Fire Equip. Co., 342 U.S. 180, 185. (1952) ("the manufacturer who is
17 charged with infringing…cannot stretch the Federal Declaratory Judgments Act to give him a
18 paramount right to choose the forum for trying out questions of infringement and validity.");
19 DeFeo v. Proctor & Gamble Co., 831 F. Supp. 776, 779 n.10 (N.D. Cal. 1993) ("The declaratory
20 relief statute should not be used for the purpose of anticipating and determining an issue which
21 can be determined in the main action.' … The availability of another form of relief that is adequate
22 will usually justify refusal to grant declaratory relief."). As a result, this court can, and should, in
23 the exercise of its discretion, dismiss this lawsuit as "anticipatory," useless, inconvenient, or

---

[2] Mediostream addresses this issue in a single footnote, in which it claims that "this venue is far more convenient for all parties than Nashville." Mediostream offers no support for this proposition, and there is no evidence that this forum is convenient for *any* of the parties, especially for the Warner Publishers, who are generally located in Nashville and do not have offices in the Northern District of California. Mediostream's offhand comment that "Priddis is located in Utah" is irrelevant; it is no more convenient for Priddis to travel from Utah to California than from Utah to Tennessee. Nor is it any more difficult for Priddis to ship documents to Tennessee than to ship them to California.

otherwise inequitable. <u>Z-Line Designs, Inc. v. Bell'O International LLC</u>, 218 F.R.D. 663, 665 (N.D. Cal. 2003) ("District courts can, in the exercise of their discretion, dispense with the rule for reasons of equity," including where the first-filed lawsuit is anticipatory or where the balance of convenience weighs in favor of the second-filed action)

The two halfhearted arguments that Mediostream asserts in its opposition do not alter this analysis. To the contrary, both are meritless on their face.

***First***, citing an unpublished Michigan district court case, <u>Intellapex, PLLC v. Intel Corp</u>, 2005 WL 2077371 (Aug. 26, 2005), Mediostream suggests that, despite the extensive caselaw to the contrary (including the cases cited by the Warner Publishers in their motion), the "first-to-file" rule may not be set aside under ***any*** circumstances. But this proposition (even if was supported by <u>Intellapex</u>, which it is not[3]) directly contradicts the rule in this Circuit (and, indeed, every other Circuit that has considered the issue, including the Second, Third, Fifth, Sixth, Seventh and Eighth Circuits), which is that "wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation, does not counsel mechanical solution of such problems." <u>Alltrade, Inc. v. Uniweld Prods., Inc.</u>, 946 F.2d 622, 627-28 (9th Cir. 1991). Courts in this District (and others) thus routinely and consistently have departed from the "first-to-file" rule where, as here, the equities justify doing so. <u>See</u>, <u>e.g.</u>, <u>Z-Line</u>, 218 F.R.D. at 665 (dismissing first-filed, but anticipatory, lawsuit); <u>Xoxide, Inc. v. Ford Motor Co.</u>, 448 F. Supp. 2d at 1192-93 (dismissing first-filed lawsuit as an anticipatory suit); <u>Inherent.com v. Martindale-Hubbell</u>, 420 F.Supp.2d 1093, 1098-1101 (N.D.Cal. 2006) (dismissing and transferring first-filed anticipatory lawsuit: "In its discretion, the district court may depart from the rule for reasons of equity, when the filing of the first suit evidences bad faith, anticipatory suit, or forum shopping.")

---

[3] <u>Intellapex</u> is not to the contrary, and certainly does not stand for the proposition that courts cannot depart from the "first-to-file" rule. Rather, the <u>Intellapex</u> Court expressly noted that the first-filed rule may be set aside for "bad faith" and "procedural fencing." 2005 WL at *2. However, it found that these circumstances were not present in that case. Contrary to the instant case, in which Mediostream admits that it filed its lawsuit immediately upon the Warner Publishers' request concerning service of process, in <u>Intellapex</u> there was no evidence that a lawsuit was imminent (the defendant merely had sent a demand letter, which the plaintiff responded to). Additionally, none of the other equitable or convenience factors present here, such as an affirmative lawsuit that is proceeding or another judge with intimate knowledge of the parties and claims, were present in <u>Intellapex</u>.

    ***Second,*** Mediostream argues that this Court should defer ruling on the Warner Publishers' motion until after the Nashville Court rules on Mediostream's parallel motion to dismiss the Nashville Action. Mediostream's argument initially is disingenuous, because the Nashville Court stated that it would defer to the ruling of this Court on the issue. See Hearing Transcript, July 9, 2007 (attached hereto as Exhibit A) at 5:16-6:6. In any event, Mediostream fails to offer ***any*** support for its assertion. Nor can it do so. It is well-established that this Court has both the authority and the broad discretion to determine the applicability of the "first-to-file" rule to this case. Alltrade, 946 F.2d 622 ("The most basic aspect of the first-to-file rule is that it is discretionary…. The decision and the discretion belong to the district court."); Z-Line, 218 F.R.D. at 665 (granting motion to dismiss first-filed action). Moreover, courts have held that, as a matter of policy, "the court in which an action is first filed is the appropriate court to determine whether subsequently filed cases involving substantially similar issues should proceed." Save Power Ltd. v. Syntek Finance Corp., 121 F.3d 947, 950 (5th Cir. 1997); see also Street v. Smith, 456 F.Supp.2d 761, 768 (S.D. Miss. 2006) ("Simply put, a single federal court, rather than two, should be charged with deciding which of two federal actions ought to proceed, and as a matter of policy, the court that is charged to make that decision is the first-filed court.")[4] It is wholly appropriate for this Court to rule on the Warner Publishers' motion prior to (and rather than await) a ruling from the Tennessee Court.

    The situation presented here – namely, where a plaintiff seeking declaratory relief has admitted that its action was filed solely to preempt an imminent lawsuit, while a parallel affirmative action is proceeding elsewhere – is precisely the type of circumstance for which a departure from the first-to-file rule is appropriate. Dismissal or transfer (or a stay) of this action will not affect any of Mediostream's substantive rights. Rather, it will simply effectuate the Warner Publishers' proper choice of forum and allow this action to proceed in Nashville, where motions for injunctive relief, discovery, and a mediation are already going forward. Accordingly,

---

[4] The Ninth Circuit has agreed that insofar as the inquiry involves analysis of the convenience factors, the decision to dismiss, transfer or stay "should be addressed to the court in the first-filed action." Alltrade, 946 F.2d at 628.

1 this Court should grant the Warner Publishers' Motion and dismiss, or, alternatively, transfer or
2 stay, this Action.

4 DATED: September 12, 2007           MARC E. MAYER
                                      MITCHELL SILBERBERG & KNUPP LLP

                                      By: /s/ Marc E. Mayer
                                          Marc E. Mayer
                                          Attorneys for the Warner Publishers