1              IN THE UNITED STATES DISTRICT COURT

2          MIDDLE DISTRICT OF TENNESSEE, NASHVILLE DIVISION

3    -------------------------------------------------------------

4    WORD MUSIC, LLC,                    )

5                  Plaintiff,            )

6                                        )

7    v.                                  )  CASE NO. 3:07-0502

8                                        )

9    PRIDDIS MUSIC, INC., et al          )

10                Defendants.            )

11   -------------------------------------------------------------

12

13                  TRANSCRIPT OF PROCEEDINGS

14

15   -------------------------------------------------------------

16   DATE:              July 9, 2007

17   TIME:              2:00 P.M.

18   BEFORE:            HONORABLE WILLIAM J. HAYNES, JR.

19   -------------------------------------------------------------

20

21

22   COURT REPORTER:    PEGGY G. TURNER
                        OFFICIAL COURT REPORTER
23                      801 BROADWAY, ROOM A-837
                        NASHVILLE, TENNESSEE 37203
24                      PHONE:  (615)726-4893
                        Peggy_Turner@tnmd.uscourts.gov
25

1

Dockets.Justia.com

```
1                        A P P E A R A N C E S:
2    For the Plaintiff:  Tim Warnock
3                        Paul Stacey
4
5    For the Defendant:  Jim Bradshaw
6                        Jeff Goodson
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

1                    P R O C E E D I N G S

2          THE COURT:  We'll take up Word Music LLC, et al v.

3    Priddis Music, et al, 3:07-0502.

4          MR. WARNOCK:  Tim Warnock and Paul Stacey on behalf of

5    the plaintiffs.

6          MR. BRADSHAW:  Your Honor, Jimmy Bradshaw on behalf of

7    defendants D. J. Miller, Dale Miller and MedioStream.

8          MR. GOODSON:  Your Honor, Jeff Goodson on behalf of

9    defendants Priddis Music, Rick Priddis, and ProSound Karaoke.

10         THE COURT:  Is there any defendant unrepresented at

11   this time?

12         MR. STACEY:  No, Your Honor.

13         THE COURT:  I just got a chance to look at this

14   briefly.   There is a motion to dismiss on venue, asserting a

15   prior action in California.  Which case was filed first?  That

16   was unclear.

17         MR. GOODSON:  Your Honor, that's my motion.  And the

18   MedioStream action in California was filed first.

19         THE COURT:  Is it against all of the plaintiffs in

20   this action?

21         MR. GOODSON:  I believe, out of the 16 parties that

22   are parties to this action, all but four are parties to that

23   action.

24         THE COURT:  Well, it helps me in terms of plaintiffs.

25   How many plaintiffs in this action are in that California

1    action?

2         MR. GOODSON:  All of the plaintiffs.

3         THE COURT:  I haven't had a chance to read your motion

4    papers, but the first to file doctrine appears to have some

5    relevance here.

6         MR. WARNOCK: Your Honor, we filed in opposition we

7    believe they do not qualify under the first to file rule, and

8    we actually will be moving to dismiss the California case

9    literally within the next couple of days.  That will be heard

10   pursuant to the local rules up there sometime around the 15th

11   of August and will probably be disposed of.

12        I honestly believe that, in light of other matters

13   which have transpired today and we expect to transpire within

14   the next few days, with regard to remaining defendants in

15   terms of an agreed preliminary injunction and going for

16   mediation, that the Court perhaps should simply let the

17   California court first decide whether they are going to

18   dismiss their own case, and allow the plaintiffs and those

19   defendants who are in agreement to have this Court enter a

20   preliminary injunction and an agreement to mediate the case in

21   Nashville, allow us our opportunity to dispose of our disputes

22   privately, so to speak.

23        MR. GOODSON:  And Your Honor, again, that was our

24   motion.  And while I hear that they are planning on filing a

25   motion in the first filed action, no such action is -- no such

1   motion is currently pending.  And they did file a response,

2   which is true, to our motion.  And Your Honor, we filed a

3   reply, the Court granted leave to file a reply.  And we stated

4   in that reply that we feel very strongly that the MedioStream

5   action, the first filed action, does, in fact, meet all of the

6   requirements.  And we certainly ask the Court to either

7   dismiss this action or to transfer it to the Northern District

8   of California.

9        THE COURT:  Well, I think the -- well, my practice is,

10  if there is an issue about venue or jurisdiction, I try and

11  resolve those issues first, because if this isn't the

12  appropriate forum for this case, then there is no point in

13  entering a case management order.

14       I know there is a preliminary injunction motion as

15  well.  I'm not sure about -- I mean, it has been a while since

16  I looked at this, but I think that there is Sixth Circuit

17  precedent that the Court ought to defer to the first filed

18  action.

19       MR. WARNOCK:  There is, indeed -- there are several

20  reported decisions throughout the country that suggest that

21  that's the preferred course, though in truth, the law is very

22  favorable to the plaintiffs on this issue in the Sixth

23  Circuit.

24       That being said, I actually believe that, as I

25  understand the way the local practice is in the Northern

1    District, we're probably going to get a ruling at the time a

2    that motion to dismiss is heard in August.  And I would ask

3    that if the Court --

4         THE COURT:  What is the basis for -- I'm just trying

5    to get as much information as I can.  What is the basis for

6    the motion to dismiss?

7         MR. WARNOCK:  Quite simply, they were aware, by virtue

8    of having been served with a cease and desist letter, that we

9    were asserting claims, coercive claims, as they are described

10   in the decisional authorities, for copyright infringement

11   against them.  I inquired with their private attorney at some

12   later point whether he would accept service, so he knew that

13   the suit was imminent.  And while I felt I was perhaps lulled

14   a little bit by his comments that he was trying to ascertain

15   from his client if he had authority to accept service, he then

16   turned around and went to the District Court in San Francisco

17   and filed what he characterized as a declaratory judgment

18   action.

19        I would submit that, number one, that's a classic race

20   to the courthouse, trying to preempt the filing of our

21   coercive action and deny what we think of as the proper

22   plaintiffs, namely, my clients, for their choice of forum for

23   their copyright infringement claims.

24        I would also submit, as is increasingly apparent by

25   the joint motion that was filed over the lunch hour between

6

1   the plaintiffs and the Miller defendants, that there is no

2   contesting the jurisdiction of this court or venue; we are in

3   agreement to enter a preliminary injunction enjoining them

4   from infringing our copyrights, and they aren't even parties

5   to the California action.  Neither is Richard Priddis

6   individually, and neither is ProSound Karaoke Limited, another

7   Priddis controlled company.  They are not parties to that

8   California action.

9        So not only is it not qualifying under the first to

10  file rule, it's denying the proper plaintiffs their choice of

11  forum.  There is not alignment of the parties.  The relief

12  requested is not the same; the issues are not the same; the

13  causes of action aren't the same.  And I fully expect that the

14  judge in Northern California is going to send that case where

15  it belongs.  And that is either to dismiss it or to stay it,

16  pending a resolution of this case, where the substantive

17  claims are properly filed.

18       MR. GOODSON:  And, Your Honor, if I may.  We countered

19  these arguments in our reply, but certainly the Sixth Circuit

20  does not require identical parties and identical issues.

21       THE COURT:  I think there is -- I may have written on

22  this, I can't remember.  But I think there is something about

23  copyright, where the person is put on notice of a copyright

24  claim and goes and files a dec action.  I will just have to

25  look at it.

1    MR. GOODSON:  Certainly, Your Honor, it's more than a

2  dec action.  MedioStream's suit is more than your typical

3  request that the Court just declare what a contractual

4  definition means, or declare some right among the parties.

5  That action, Your Honor, asks for damages, it asks for

6  indemnification, it addresses, Your Honor, the exact issues

7  that are before the Court now, and again, involves almost all

8  of the parties.  And the research that I have done and

9  submitted to the Court certainly shows that that meets the

10  requirements of the first to file rule if you have

11  substantially the same issues, and you have substantially the

12  same parties.

13    And again, while the plaintiffs have said they may do

14  something out in California, they haven't.  And right now,

15  there is not anything keeping them from bringing in any

16  additional parties, such as the Miller defendants or Rick

17  Priddis individually, or whomever, in the California action.

18    So again, Your Honor, I would submit, the issues, they

19  are substantially the same no matter how we couch in it terms

20  of semantics.  Did the Priddis defendants have the right to

21  record or to distribute, or however you want to phrase it,

22  copyrighted materials, copyrighted works of the plaintiffs.

23  And that certainly is the issue in the MedioStream action.

24    THE COURT:  Are you sure about this settlement

25  agreement with the Miller folks?

1    MR. BRADSHAW:  I'm sorry.  Say that again, please,

2    sir?

3    THE COURT:  Did you hear statements that you all have

4    reached an agreement on a preliminary injunction?

5    MR. BRADSHAW:  Yes, sir.  The Miller defendants have

6    reached an agreement with Mr. Stacey's clients regarding the

7    preliminary injunction and agreement to mediate.

8    MR. WARNOCK:  Those are documents 44, and the agreed

9    order is 45.  They were filed over the lunch hour, Your Honor.

10    THE COURT:  I haven't seen them yet.

11    MR. WARNOCK:  I actually have copies.

12    THE COURT:  That's all right.

13    MR. WARNOCK:  I actually have some other good news

14    that might help to get us down the road.  Mr. Bradshaw has

15    also been retained to represent the MedioStream defendant.

16    MR. BRADSHAW:  And let me clarify.  To represent the

17    MedioStream defendant in this action -- I don't represent them

18    in California.  But that was just a recent engagement, if you

19    will.  We just entered an appearance.  We have not filed a

20    response to the complaint.  I have been talking with Mr.

21    Stacey about proceeding with mediation in this jurisdiction

22    without prejudice to the California lawsuit, but we don't have

23    an agreement on that yet like we do with the Miller

24    defendants.  But those discussions are actively underway.

25    THE COURT:  Well, it's going to be a while before I

1    can get to this motion to dismiss.

2        MR. WARNOCK:  I understand that, Your Honor.  I

3    actually think we're going to have a ruling out of California

4    before -- I assure you, we will be proceeding with all due

5    expedience to you get that ruling.

6        THE COURT:  Well, I will just get to it when I can get

7    to it.  If you all work out matters ahead of time, I would

8    encourage you to file whatever agreement that you have reached

9    as promptly as possible so that resources just don't get

10   expended working on something that has been worked out.

11       MR. WARNOCK:  May I ask that -- and I fully understand

12   why the Court would be loathe to enter a case management order

13   when, in point of fact, this is a case to be heard in

14   California.  That being said, the Rule 26(a) disclosures have

15   to be made, regardless.  And that's something that doesn't

16   take the Court's time in either jurisdiction or venue.  Could

17   I ask that we be required, except as otherwise indicated,

18   where there is an agreement between the parties, and there is

19   certainly no agreement between the plaintiffs and the Priddis

20   defendants, to make our 26(a) disclosures within 30 days of

21   today?

22       THE COURT:  Yes, I think the local rules say unless

23   otherwise ordered by the Court.  So you all can make your

24   disclosures.  I think whether the case ends up here or ends up

25   in California, you are going to have to make your disclosures.

1   So I don't see any need to stay that.  But I'm really hesitant

2   to enter a case management order where I'm really not sure

3   that this is the appropriate forum for it.  But I will get to

4   the motion to dismiss first.  And I will get to that when I

5   get to it.  I don't want to leave you all with any idea that I

6   will get to it by a certain date, because I've got a lot of

7   other matters ahead of you.  We're in recess.

8                              *  *  *  *  *

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1                      REPORTER'S CERTIFICATE

2

3          I, Peggy G. Turner, Official Court Reporter for

4    the United States District Court for the Middle

5    District of Tennessee, with offices at Nashville, do

6    hereby certify:

7          That I reported on the Stenograph machine the

8    proceedings held in open court on July 9, 2007, in the matter

9    of Word Music, LLC v. Priddis Music, et al, Case No.

10   3:07-0502; that said proceedings in connection with the

11   hearing were reduced to typewritten form by me; and that the

12   foregoing transcript, pages 1 through 11, is a true and

13   accurate record of said proceedings.

14         This the 10th day of September, 2007.

15

16

17

18                      _____

19                      S/Peggy G. Turner, RPR

20                      Official Court Reporter

21

22

23

24

25