Mediostream Inc. v. Priddis Music Inc. et al
Case 3:07-cv-02127-PJH     Document 20     Filed 09/25/2007     Page 1 of 7
Doc. 20

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MEDIOSTREAM, INC.
                Plaintiff,

v.

PRIDDIS MUSIC, INC., et al.,
                Defendants.
_____/

No. C 07-2127 PJH

**ORDER GRANTING MOTION TO TRANSFER**

Now before the court is defendants' motion to dismiss the amended complaint or, alternatively, to transfer or stay the action. Plaintiff Mediostream, Inc. ("Mediostream") opposes the motion. Having carefully reviewed the parties' papers and considered their arguments and the relevant legal authority, the court hereby GRANTS the motion to transfer and DENIES the motion to dismiss and for stay for the following reasons.

## BACKGROUND

This is an action for declaratory relief and indemnification. Mediostream filed the instant action on April 17, 2007, and amended its complaint on May 14, 2007. Defendants ("Warner defendants" or "Warner publishers") are the owners of various copyrights to a large number of musical compositions. They allege that Mediostream infringed upon their copyrights. Mediostream is among six defendants whom the Warner publishers sued in the Middle District of Tennessee in <u>Word Music, LLC et al. v. Priddis Music et al.</u>, Case No. 3:07-0502 ("Nashville action"), alleging that Mediostream infringed their copyrights by manufacturing and distributing various karaoke products. The Nashville action was filed on May 8, 2007.

///

In the declaratory action before this court, Mediostream seeks a declaration of rights and a determination of what rights of the Warner defendants have been infringed, and what damages have resulted. It also seeks a declaration that to the extent Mediostream infringed, its infringement was innocent and in ignorance of Warner's rights. Mediostream also seeks indemnity from the Priddis defendants.[1] See FAC ¶¶ 8-10. Mediostream alleges it has stopped infringing any of Warner defendants' copyrights pending resolution of this case. Id. ¶ 7.

The Warner defendants now move to dismiss this case, or in the alternative, to transfer it to the Middle District of Tennessee or to stay it until that court resolves the dispute. They argue that dismissal is warranted because the action was filed in anticipation of the Warner publishers' copyright infringement action in Nashville, seeks declaratory relief only, and is duplicative of the Nashville action. They also argue in the alternative that convenience requires transfer to Nashville.

**DISCUSSION**

A.  Legal Standards

   1.  Declaratory Judgments Act

The Declaratory Judgments Act authorizes the court to "declare the rights and other legal relations of any interested party seeking such declaration" when there is an "actual controversy." 28 U.S.C. § 2201(a).

The requirement for federal court jurisdiction under Article III of the U.S. Constitution and the Declaratory Judgment Act is an "actual controversy." Teva Pharms. USA, Inc. v. Novartis Pharms. Corp., 482 F.3d 1330, 1338 (Fed. Cir. 2007) ("Novartis") (citing Aetna Life Ins. Co. v. Haworth, 300 U.S. 227, 239-41 (1937)). Federal subject matter jurisdiction requirements must also be satisfied. See Skelly Oil Co. v. Phillips Petroleum Co., 339 U.S. 667, 671 (1950). The "actual controversy" requirement of the Declaratory Judgment Act demands only "that the dispute be definite and concrete, touching the legal relations of parties having adverse legal interests; that it be real and substantial and admit of specific

---

[1] Mediostream obtained its licenses from the Priddis defendants.

relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts." MedImmune, Inc. v. Genentech, Inc., 127 S.Ct. 764, 771-72 (2007) (citations and quotations omitted). "The question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." Id. Because the alleged controversy must be real, disputes as to rights or obligations of the parties with respect to activities that have been discontinued may be dismissed as moot. See Headwaters, Inc. v. Bureau of Land Mgmt., 893 F.2d 1012, 1015-16 (9th Cir. 1989).

The Declaratory Judgments Act grants federal courts discretion to award declaratory relief in cases otherwise within their jurisdiction. Such relief is appropriate where the judgment will "serve a useful purpose in clarifying and settling the legal relations in issue, and . . . will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding." Guerra v. Sutton, 783 F.2d 1371, 1376 (9th Cir. 1986) (quoting Bilbrey by Bilbrey v. Brown, 738 F.2d 1462, 1470 (9th Cir. 1984)); see also DeFeo v. Procter & Gamble Co., 831 F. Supp. 776, 778 (N.D. Cal. 1993). "In the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration." Wilton v. Seven Falls Co., 515 U.S. 277, 288 (1995).

2. First to File Rule

The "first-to-file" rule is a generally recognized doctrine of federal comity which permits a district court to decline jurisdiction over an action when a complaint involving the same parties and issues has already been filed in another district. Pacesetter Systems, Inc. v. Medtronic, Inc., 678 F.2d 93, 94-5 (9th Cir. 1982). The "first to file" rule allows a district court to dismiss, transfer, or stay an action when a similar complaint has been filed in another federal court. Alltrade, Inc. v. Uniweld Products, Inc., 946 F.2d 622, 623 (9th Cir. 1991). Courts look to three threshold factors in applying this rule: (1) the chronology of the two actions; (2) the similarity of the parties, and (3) the similarity of the issues. Alltrade,

946 F.2d at 625-26; Pacesetter Systems, Inc. v. Medtronic, Inc., 678 F.2d 93, 95 (9th Cir. 1982).

Even if the threshold factors of the first to file rule are met, however, wise judicial administration does not dictate a rigid mechanical solution of such problems. District courts can exercise their discretion and dispense with the rule for equitable reasons, which include bad faith, anticipatory suit, and forum shopping. Alltrade, 946 F.2d at 626-8; Z-Line Designs, Inc. v. Bell'O Int'l LLC, 218 F.R.D. 663, 665 (N.D. Cal. 2003).

A suit is anticipatory when the plaintiff filed upon receipt of specific, concrete indications that a suit by defendant was imminent. See Z-Line Designs, 218 F.R.D. at 665 (citations omitted); Xoxide, Inc. v. Ford Motor Co., 448 F. Supp. 2d 1188, 1193 (C.D. Cal. 2006). Such suits are disfavored because they are examples of forum shopping. Z-Line Designs, 218 F.R.D. at 665. In addition, the Declaratory Judgments Act should not be invoked to deprive a plaintiff the choice of forum and timing, and application of "the first to file rule in such situations would thwart settlement negotiations, encouraging intellectual property holders to file suit rather than communicate with an alleged infringer." Id. (citations omitted).

A court may also refuse to apply the first to file rule if the balance of convenience weighs in favor of the later-filed action, and this factor should be weighed by the court in the first filed action. Z-Line Designs, 218 F.R.D. at 665 (citing Ward v. Follett Corp., 158 F.R.D. 645, 648 (N.D. Cal. 1994)).

3. 28 U.S.C. § 1404(a)

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The district court has broad discretion to transfer its cases to another district rule according to an individual, case-by-case consideration of convenience and fairness. A motion to transfer venue under § 1404(a) requires the court to weigh a variety of factors in its determination whether transfer is appropriate in a particular case. While there is no established test to determine whether a court should grant a motion to transfer, courts may consider factors including: "(1) the location where the

4

relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof." Jones v. GNC Franchising, Inc., 211 F.3d 495, 499 (9th Cir. 2000).

B.  Defendants' Motion

Warner defendants first argue that Mediostream's declaratory relief suit here in California is anticipatory. The court agrees. On January 26, 2007, Warner defendants sent a cease and desist letter to Mediostream, which notified Mediostream that defendants might file suit and seek injunctive relief. Warner defendants' counsel then discovered that certain entities were not complying with that letter, and defendants prepared to file suit. Warner defendants' counsel inquired of Mediostream's counsel whether he was authorized to accept service on behalf of Mediostream on at least three occasions. Mediostream's counsel told him he would have to check with his client, but did not get back to Warner's counsel. Within a few days, on April 17, 2007, Mediostream filed this declaratory action. See Stacey Decl. ¶ 5. Mediostream does not dispute these facts. Nor does it dispute that it was forum shopping – it merely contends that filing its suit in its home district was not in bad faith. The facts, however, show that Mediostream knew Warner defendants' suit was imminent, and that it filed its case here in anticipation of that suit in order to secure this forum. See, e.g., Z-Line Designs, 218 F.R.D. at 667; Columbia Pictures Indus., Inc. v. Schneider, 435 F. Supp. 742, 747 (S.D.N.Y. 1977); Xoxide, Inc., 448 F. Supp. 2d at 1193.

Because this suit is anticipatory, and because a similar action is pending in the Middle District of Tennessee, the court has a number of options. It may dismiss this case, transfer the case to Tennessee, or stay this case pending resolution of the Nashville action. In support of their alternative request for transfer, defendants argue that Nashville is a more convenient forum.

Convenience favors litigation in Nashville. As defendants note, a parallel case is pending in Tennessee, defendants were injured in Tennessee, California law does not

provide the rule of decision for Mediostream's claims, the Tennessee court is more familiar with this action, and more sources of proof are in Tennessee. Specifically, Mediostream concedes that the parties and issues in this case are similar to those in the pending Nashville action, which actually involves additional parties that are not part of this case. Mediostream does not dispute that the Nashville action has proceeded much further than this action: mediation is occurring in Nashville (which will likely result in a stipulated injunction), and a preliminary injunction motion was already filed before that court. Transfer is therefore cost effective and will minimize the risk of duplicative efforts by the courts. Nor has Mediostream refuted defendants' argument that Nashville is a more convenient forum – it merely notes that Priddis is located in Utah. It does not dispute convenience in any other respect and offers no evidence that this forum is convenient for any of the parties. The only apparent connection to this venue is that Mediostream is based in Mountain View, California. Transfer on the grounds of convenience is therefore proper.

Because defendants have established that transfer is proper on the grounds of convenience as well as on grounds that this suit is anticipatory, the court will transfer the case to the Middle District of Tennessee.[2] The court will not dismiss or stay the action, in light of defendants' showing that transfer is appropriate, because the Middle District of Tennessee is the proper court to determine whether Mediostream's request for declaratory relief should be stayed, dismissed, or litigated alongside the substantive claims in the Nashville action.

///
///
///
///
///

---

[2] Although Mediostream argues that this court should defer to the Tennessee District Court's ruling on the same motion before it, Mediostream offers no authority for this argument, and this circuit has held that argument as whether convenience factors mandate dismissal, transfer, or stay should be addressed to the court in the first filed action. Alltrade, 946 F.2d at 628. Furthermore, that court has yet to rule on this motion, and indicated at the July 9, 2007 hearing that it may be proper to defer to the first filed action.

**CONCLUSION**

Defendants' motion to transfer this case to the Middle District of Tennessee is GRANTED, but defendants' request to dismiss or stay the case is DENIED. The September 26, 2007 hearing on this matter is hereby VACATED. The clerk shall close the file.

SO ORDERED.

Dated: September 24, 2007

_____
PHYLLIS J. HAMILTON
United States District Judge